UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KATELYN BIADA, VICTORIA KORTESMAKI, and ALEJANDRO MARTINEZ, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ROUTE APP, INC., and ROUTE INSURANCE SOLUTIONS, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION<br><br>Case No. 2:26-cv-00651-HCN-PK<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiffs' Motion for Reconsideration.[1] Plaintiffs seek reconsideration of the Court's prior order[2] permitting Defendants to seal portions of its notice of removal. For the reasons discussed below, the Motion is denied.

## I. BACKGROUND

Plaintiffs bring suit against Defendants, challenging Defendants' business practices by asserting that Route conducts an insurance business without authorization to do so. Plaintiffs filed suit in state court. Defendants removed pursuant to the Class Action Fairness Act. Three requirements must be met for CAFA to confer subject matter jurisdiction on a federal court: "(1)

[1] Docket No. 25, filed August 4, 2026.

[2] Docket No. 7.

the putative class meets certain diversity requirements; (2) the putative class is composed of over 100 members; and (3) the amount in controversy exceeds $5,000,000."[3]

Relevant here, the putative class members consist of Defendants' customers during the class period and the amount in controversy is the amount these customers paid for Defendants' services. In their notice of removal, Defendants alleged that they met CAFA's requirements but redacted the specific number of customers and the total amount they paid. In their motion to seal, Defendants explained that "[t]his information is nonpublic and sensitive business information that the Defendants reasonably and in good faith believe would likely cause harm if disclosed."[4] Based upon this assertion, the Court granted the motion to seal. Plaintiffs now seek reconsideration of that order.

## II. DISCUSSION

"Motions to reconsider are disfavored, to the extent they are recognized at all."[5] "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[6] Plaintiffs argue that reconsideration is appropriate here because the Court granted Defendants' motion prior to receiving a substantive response from Plaintiffs. The Court agrees that this provides an adequate basis to allow for consideration. Nonetheless, the Court reaches the same conclusion as its prior ruling.

---

[3] *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 n.1 (10th Cir. 2012).

[4] Docket No. 2, at 2.

[5] *Merrill v. Scottsdale Ins. Co.*, No. 2:20-cv-00064-DBB-DAO, 2021 WL 1873961, at *2 (D. Utah May 10, 2021).

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

"In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[7] However, this right is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "'The party seeking to overcome the presumption' of public access to [court] documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[10] Further, the public's interest in access to judicial records is lessened when the contents are not "used to determine [the] litigants' substantive legal rights."[11]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[12] Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[13]

The Court finds that Defendants have met their burden to overcome the general presumption of openness. As Defendants explain,

---

[7] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (internal quotation marks and citation omitted).

[8] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks and citation omitted).

[9] *Id.* (internal quotation marks and citation omitted).

[10] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[11] *Colony Ins. Co.*, 698 F.3d at 1242.

[12] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[13] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017).

> [t]he sealed figures here include only Route's aggregate purchase volume and associated revenue. Both figures are confidential business information that Route, as a privately held company, does not disclose publicly. Disclosure would reveal Route's market position, business scale, and revenue to competitors and the general public, causing competitive harm.[14]

Given this representation, the Court finds that Defendants have met their burden. This is especially true where Plaintiffs have the underlying information and the public's interest in access is minimal. Plaintiffs' argument for unsealing generally go to the merits of their claims, which remain undecided. Therefore, the figures will remain under seal. However, this determination may be revisited if the figures are later used to determine the parties' substantive legal rights.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to for Reconsideration (Docket No. 25) is DENIED.

DATED this 9th day of October, 2026.

BY THE COURT:

PAUL KOHLER
United States District Judge

[14] Docket No. 38, at 6.